UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA

Vs.

RICHARD SCHERER

                Defendant

_____

              **SENTENCING**
              **MEMORANDUM**
                 **22CR64**

## INTRODUCTION

This memorandum is being submitted for the Court's consideration of the Defendant's request for a sentence that would be sufficient, but not greater than necessary under the circumstances.

## Procedural History

## ARGUMENT

In the United States v. Booker 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. The Second Circuit has instructed that although advisory, the sentencing court must still calculate the appropriate sentencing range under the Guidelines, including any departure

provisions. United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). "Once an applicable Guideline range has been determined, the sentencing judge will have the duty, imposed by Section 3553(a)(4), to 'consider' it, along with all of the factors listed in Section 3553(a)." Id. The Court must give due consideration to the factors identified in 18 U.S.C. Sec. 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103, and as recently affirmed in United States v. Ministro-Tapia, 470 F.3d 137 (2nd Cir. 2006).

The law of this circuit has not been changed by Rita v. United States, 127 S.Ct. 2456 (2007). Rita recognized that courts could continue to apply a more searching level of appellate review than a "presumption of reasonableness." The sentencing courts, applying the Guidelines in individual cases may depart (either pursuant to the Guidelines, or, since Booker, by imposing a non-Guideline sentence)… "The result is a set of Guidelines that seek to embody the Sec. 3553(a) considerations, both in principle and in practice." Id. At 2458. Appellate "reasonableness" review merely asks whether the trial court abused its discretion." Id. At 2465.

This court has the discretion to impose a non-incarceration sentence in this case. The Supreme Court issued two decisions, Gall v. United States, 552 U.S., 128 S.Ct. 586 (2007), and Kimbrough v. United States, 552 U.S. , 128 S.Ct.558 (2007), which give the sentencing court power to make an individualized assessment of the appropriate sentence based on the facts presented in each case.

## Title 18 United States Code Section 3553(a)(1) Factors

## History and Characteristics of Defendant

Section 3553(a)(1) instructs courts to consider "the history and characteristics of the defendant." 18 U.S.C. Sec. 3553(a) (1). Now, after the Supreme Court's decision in Booker, District Courts are able to adequately consider aspects of defendants' lives that were previously prohibited under the mandatory Guideline framework. Mr. Scherer's history and characteristics are such that a time served sentence should be imposed.

Mr. Scherer is 72 years old and was born in Buffalo, New York. Prior to his incarceration he resided with his wife in Depew and had no criminal record.

His father is the late Jerome Scherer, who was a chemical plant worker. His mother died at the young age of 63. She was a teacher.

Mr. Scherer has 2 sibling.  His sister Paula is 67-years old and his Brother Jerome is 75 years old.  Mr. Scherer has a good relationship with both his siblings.

Mr. Scherer is married to Karen Rhodes, who he met in high school. Karen is 71 years old and she is a retired educator.  Richard and Karen have two daughters.  His daughter Meredith is 43 years old and Hilary is 41 years old.  Both his daughters live in Pittsburgh.  One is a librarian and the other is a social worker.  Mr. Scherer speaks with both his daughters daily.

**Education and Work History:**

Mr. Scherer is a 1969 graduate of Amherst High School. Mr. Scherer has a bachelor's degree from Medaille College and a masters degree from Buffalo State University.

Mr. Scherer was an English teacher for 30 years. He worked for the Montgomery County Public Schools and for the Bureau of Indian Affairs. Mr. Scherer is now retired.

**Current Relationships:**

As mentioned above, Mr. Scherer married his high school sweetheart, Karen Rhodes.  Although he is incarcerated, he still speaks to her every day.

4

**Physical Condition:**

Mr. Scherer is in very poor physical health. He suffers from atrial. fibrillation, arthritis, borderline type 2 diabetes, hearing loss, asthma, congestive heart failure, cellulitis, and diabetes. He has had bariatric surgery, hernia repair and bilateral hip replacement.

**Mental Health:**

Mr. Scherer's mental health is rapidly declining. He was initially unable to complete the presentence interview and a competency evaluation had to be conducted. Although Dr Heffler indicated that Mr. Scherer was competent, she suggested further testing due to signs of a neurocognitive disorder. As such, Mr. Scherer was referred to Dr Antonius for a psychological evaluation. Dr Antonius concluded that Mr. Scherer does suffer from cognitive impairment that is atypical for an individual his age. Dr Antonius further concluded that Mr. Scherer's cognitive functioning will continue to decline.

**CONCLUSION**

Mr. Scherer is 72 years old and finds himself in significant legal trouble. He is extremely ashamed of his behavior and feels disappointed. in himself for allowing his crimes to potentially destroy everything

meaningful to him and his family.

This case is troubling in many regards. Mr. Scherer agreed to meet what he thought was a 13-year-old girl. The girl was fictitious and was actually a group of vigilantes from another state posing as a young girl (The vigilantes tricked Mr. Scherer into thinking he was talking to a young girl). They kept asking him if he wanted to have sex. Although he repeatedly told the fake girl that he was too old for her, he was definitely inappropriate with her (He agreed to teach her how to pleasure herself). Mr. Scherer tried to end the online dialogue, but the group was relentless. They reached out to him and pretended to be her friends. They told him that the girl's feelings would be hurt if he ended the relationship.

The ultimate interaction was all on video. If you watch it, it is clear that Mr. Scherer is not mentally all there. He seems to go along with whatever they say. He is so passive that you instantly think something is mentally wrong with him. It is similar to when someone scams an old person out of financial savings. The level of gullibility is astonishing.

Although Mr. Scherer was deemed competent, I am confident he would have exercised better judgment had he not been elderly and in a state of mental decline. It should be noted that the FBI put out press releases in Virginia/Maryland asking if any of his old students were

abused by him.  Nobody came forward with any new allegations.

In addition to facing a lengthy prison sentence, Mr. Scherer has suffered tremendous humiliation in front of his friends, family and the community in which he resides. Mr. Scherer accepted responsibility from the start and never tried to deny his guilt.  He is facing a lengthy prison sentence, but prison is not mandatory in his case.  As mentioned above, he has no criminal record and the Government granted him Booker rights so that he could request a non-guideline sentence. At the time of sentencing, he will have spent approximately 16 months in custody.

In summary, this conviction has permanently affected Mr. Scherer's life.  He realizes that his actions could potentially take him away from the things that mean the most to him, his family.  This has caused him to do much soul searching and reflecting on how he wants to live the remainder of his life.

Mr. Scherer asks Your Honor to include in your consideration Your Honor's own sense of what is a fair and just sentence under all the circumstances, and respectfully requests a sentence that is sufficient, but not greater than necessary. See United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

In light of the serious consequences already suffered, I am confident that Mr. Scherer will never re-offend. His goals in life are simple. He wants to be able to continue to address his physical/mental health needs and spend what time he has left with his family. Because of his physical and mental decline, any further sentence of imprisonment could be the equivalent of a life sentence.

For the foregoing reasons, Mr. Scherer respectfully requests the Court to sentence him to a time served sentence.

**DATED:**    Buffalo, New York, August 21, 2023.

> Respectfully Submitted,
>
> s/ Dominic Saraceno
>
> ---
> DOMINIC SARACENO, ESQ.
> 534 Delaware Avenue
> Buffalo, New York 14202
> (716)626-7007 (T)
> (800)305-5836 (F)
> saracenolaw@gmail.com

To:   Aaron Mango
      Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA

vs.

RICHARD SCHERER

        Defendant.
_____

## CERTIFICATE OF SERVICE

### 22-CR-64

I hereby certify that on August 21, 2023, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following EM/EF Participant on this case:

Aaron Mango, AUSA
138 Delaware Avenue
Buffalo, New York 14202

And. I hereby certify that I have emailed the document to the following non-CM/ECF participant(s).

ASHLEY MCNEAL
United States Probation Officer
U.S. Probation Department
234 U.S. Courthouse
68 Court Street
Buffalo, New York 14202

                                                s/Dominic Saraceno
                                                _____
                                                DOMINIC SARACENO