IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

       v.                                    22-CR-64

RICHARD W. SCHERER,

              Defendant.

_____

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response to the defendant's sentencing memorandum.

## PRELIMINARY STATEMENT

On May 17, 2022, the defendant appeared before this Court and pled guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). The Presentence Report ("PSR"), consistent with the plea agreement, determined that the defendant, with a total offense level of 27 and criminal history category of I, faces a guideline range of 70-87 months imprisonment. On August 21, 2023, the defendant filed a sentencing memorandum requesting a sentence of time served. *See* Dkt. #56. This memorandum is submitted in opposition to defendant's request and in support of the government's contention that this Court should impose a guideline sentence of imprisonment of 70 months.

**DISCUSSION**

The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. However, when imposing a sentence, the Court is required to consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). As noted by the Supreme Court, the guidelines have a "real and pervasive effect … on sentencing" and therefore, "are not only the starting point for most federal sentencing proceedings but also the lodestar." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The United States contends that a sentence at the low end of the advisory guideline range is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress …. It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider."). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order

its reasons for doing so. 18 U.S.C. § 3553(c). Based on the § 3553(a) factors, the government respectfully submits that a guideline sentence of 70 months imprisonment is warranted.

As set forth in the factual basis of the plea agreement and the PSR, the defendant's offense of conviction involves the defendant engaging in disturbing and graphic sexual communications with an individual who he believed was 13 years old. The defendant asked the purported 13-year-old whether she had "ever rubbed" herself "so it feels good," and then added that "A lot of girls your age will do it with their best friend at a sleep over." The defendant even suggested incest behavior by suggesting that the purported 13-year-old should masturbate her purported 9-year-old sister. At one point in the conversation the defendant asked, "do you have hair on your pussy," and then after discussing photographs that were sent, the defendant stated that the picture made him "hard" and added, "sometimes at night when I'm laying in bed I think of you and undressing you and touching you all over. It's so exciting." In the communications just prior to the defendant arriving at the Wegman's, it was clear that his intent was to have sexual contact with the purported 13-year-old. Specifically, the defendant stated "…but don't worry, let's meet first. If you feel comfortable we could drive out to the country, find a very secluded spot and play in the car/send me a photo of you, how you are dressed now." The defendant further stated "Love you too and look forward to being with you and teaching you exciting things," and that he would be "nice and gentle." The defendant also stated "have you ever played with a guy's dick?/I won't ask you to…for awhile/but I thought when we 1st get together to play I was going to finger you/we will start slow. The 1st time I will kiss your neck, play with your breasts and nipples, and finger you and make you have an orgasm."

3

Although the defendant requests leniency from the Court based on his cognitive and physical impairments, those impairments did not stop the defendant from communicating and traveling to meet someone he believed was a minor individual for sexual purposes. Moreover, as recounted in the PSR, the defendant's teaching career in Maryland was terminated following allegations from minor female students he taught, which were corroborated by his coworkers who stated that the defendant often used inappropriate language around the students to include "titties," "boobies squirting milk," and having inappropriate physical contact with his students. Ultimately, the defendant's cell phone was found to contain child pornography that he had obtained over the internet, and as a result, continued the cycle of victimization for the children depicted in the child pornography possessed by the defendant. In 2019, the New York Times documented the impact of the proliferation of child pornographic images over the internet in a four-part series, which included a question and answer with two child abuse victims, which noted the following:

> Two sisters from the Midwest are among the untold number of survivors of child sexual abuse who say they are unable to escape their horrific experiences because of the internet.
>
> Millions of photos and videos of children being sexually abused exist on a wide range of platforms, from Dropbox to Facebook Messenger, for criminals around the world to see. An investigation by The New York Times found that the technology industry has consistently failed to take coordinated steps to shut down the illegal content.
>
> Because online predators sometimes stalk people in the photos and videos, the two sisters, now 17 and 21, do not discuss their experiences publicly for fear of being recognized. They agreed, however, to talk to The Times if they were not named. They are identified here by their first initials, F. and E.
> …
> What does it mean to you that pictures of you are still out there?
>
> E. It just sucks that it's still going on, because the pictures are still circulating. It's like another form of abuse. People would say: "It's just pictures. Who are

they hurting?" No, that's so violating. If those were pictures of you, you would understand. It's not like a harmless thing because of that.

F. It angers me more than upsets me. That stuff just really makes me mad that I've been through it and that so many people are still doing that stuff. It scares me for other kids because, you know, I'm more of a person where I get concerned for other people over myself. So it scares me. They have my pictures. They are out there. If you're looking at that, you're obviously out there looking at little girls. Eventually, you're going to want to act on it. And I just don't want anybody else to go through what I went through.

New York Times, *'If Those Were Pictures of You, You Would Understand'*, November 9, 2019, available at www.nytimes.com/2019/11/09/us/online-child-abuse.html.

Therefore, based on the nature and circumstances of the present offense, which included the defendant's sexual communications with several individuals he believed were minor females, the government respectfully suggests that a guideline sentence of imprisonment of 70 months is warranted.

## **CONCLUSION**

For the foregoing reasons, the defendant should be sentenced to a term of imprisonment of 70 months.

DATED:    Buffalo, New York, August 29, 2023.

TRINI E. ROSS  
United States Attorney

BY:    ***S/ AARON J. MANGO***  
_____  
AARON J. MANGO  
Assistant U.S. Attorney  
United States Attorney's Office  
Western District of New York  
138 Delaware Avenue  
Buffalo, New York 14202  
(716) 843-5882  
aaron.mango@usdoj.gov
