IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

  -v-                                                                                              22-CR-64

RICHARD W. SCHERER,

               Defendant.
_____

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
## MOTION TO HAVE CONTACT WITH HIS GRANDSON

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's motion to have contact with his grandson (Dkt. #65) ("Motion").

## BACKGROUND

On May 17, 2022, the defendant appeared before this Court and pled guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). On September 14, 2023, the Court sentenced the defendant to a term of imprisonment of time served (approximately 18 months) and ordered the defendant to serve a 12-year term of supervised release. *See* Dkt. #62. One of the conditions of supervised release imposed at sentencing was that the "defendant shall not have deliberate contact with any child under the 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the Court." On December 19, 2023, the defendant filed the instant

Motion, seeking permission from the Court to have access with his grandson. This memorandum is submitted in opposition to the defendant's request at the present time.

## DISCUSSION

As noted in the defendant's Motion, the probation officer assigned to the defendant is opposed to the defendant having contact with his grandson. On December 21, 203, the government spoke with the probation officer, who stated that the defendant has just begun his mandated sex offender treatment and has yet to have the polygraph examination regarding his prior history. The probation officer noted that the history polygraph is very important because it provides insight on the dangerousness of the defendant and the level of supervision needed for the defendant. The probation officer stated that before approving any contact with the grandson or any other minor, the Probation Office wants the defendant to complete his history polygraph examination. The government agrees with the position of the probation department, especially since the defendant's criminal conduct involved disturbing and graphic sexual communications with an individual who he believed was 13 years old, the defendant arriving at a location with the expectation of having sexual contact with a 13-year-old, and the defendant previously being terminated from a teaching position for having inappropriate physical contact with his minor students.

## CONCLUSION

For the foregoing reasons, the defendant's Motion should be denied without prejudice, and allowed to be renewed once the defendant has completed his history polygraph examination.

DATED: Buffalo, New York, December 21, 2023.

                                    Respectfully submitted,

                                    TRINI E. ROSS
                                    United States Attorney

                                    ***S/ AARON J. MANGO***
BY:                                _____
                                    AARON J. MANGO
                                    Assistant U.S. Attorney
                                    United States Attorney's Office
                                    Western District of New York
                                    138 Delaware Avenue
                                    Buffalo, New York 14202
                                    (716) 843-5882
                                    aaron.mango@usdoj.gov